UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WINONA FOODS, INC.,

       Plaintiff,

v.                                                  Case No. 07-C-1003

TIMOTHY J. KENNEDY, INC.,

       Defendant.

**DECISION AND ORDER**

      Plaintiff Winona Foods is a Wisconsin dairy company based in Green Bay, and Defendant Timothy J. Kennedy, Inc. is a transportation company whose place of business is located in Romeoville, Illinois, outside of Chicago. Plaintiff brought this action under the Carmack Amendment, 49 U.S.C. § 14706, alleging that Defendant damaged Winona's cheese products during shipment. Defendant did not pick up Winona's product in Green Bay, nor did it have any direct contact with Winona Foods. Instead, its first contact with the product occurred when a transportation broker in Chicago asked it to pick up the cheese at a Chicago distributing company. (Breyer Aff., ¶¶ 4-11.) Defendant picked up the cheese and transported it to a railroad facility in Willow Springs, Illinois; three days later one of Defendant's drivers picked the cheese up when the railroad shipment reached Los Angeles. Upon delivery in California, the recipient rejected the product because it had apparently melted and deformed, and Plaintiff now seeks to recover the value of the damaged goods. Defendant has moved to dismiss this action on the merits, and it further moves for dismissal or transfer on the grounds of personal jurisdiction and venue. For the reasons given below, the motion will be denied in part and granted in part.

**1. The Merits**

The Defendant has backed off its argument seeking dismissal on the merits and does not revisit it in its reply brief. In short, it argued that the Plaintiff lacked standing under the Carmack Amendment because it was not listed on the bill of lading as the shipper. It did not cite any precedent for this position, and in fact the statute merely refers to a "person entitled to recover" without requiring that the person be listed on the bill of lading. 49 U.S.C. § 14706(a)(1). Plaintiff has cited precedent to the contrary, and because the Defendant has apparently abandoned this argument I need not address it further than to say that the Plaintiff was ultimately the consignor of the goods in question and has an obvious interest in ensuring that the goods were delivered intact. *See, e.g., Banos v. Eckerd Corp.,* 997 F. Supp. 756, 762 (E.D. La 1998). Its standing to sue under the Carmack Amendment therefore seems clear.

**2. Personal Jurisdiction and Venue**

The Defendant also states that it conducts no business in Wisconsin and argues that this court lacks personal jurisdiction over it. It further argues that the Carmack Amendment itself does not provide for proper venue in this district. In response, Winona Foods suggests that the Carmack Amendment's venue provisions allow the Defendant to be sued in Wisconsin even though it has no direct contacts with this state. As discussed below, however, a statute's venue provisions do not trump the question of personal jurisdiction, and in fact the Plaintiff's reading of those venue provisions is not correct. Accordingly, because the Defendant is not subject to personal jurisdiction in this state, the case will be transferred.

Plaintiff's argument is based on the specific venue provisions found in the Carmack Amendment, which provides that an action must be brought either in a state through which the defendant carrier operates or in a judicial district where the damage occurred:

2

> (d) Civil actions.
> (1) Against delivering carrier. A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.
>
> (2) Against carrier responsible for loss. A civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

49 U.S.C. § 14706(d)(1) and (2).

Although the Amendment allows actions to be brought in two potentially different venues, the statute's specific venue provisions are not a substitute for personal jurisdiction – the court must still ensure at the outset that it has the power to compel the defendant to appear in its court, and that is ultimately a question of Due Process.[1] For example, in *Interested London Underwriters v. Kelly Global Logistics, Inc.,* 2008 WL 558038 (S.D.N.Y. 2008), the court transferred a Carmack Amendment case because it found it lacked personal jurisdiction over one of the defendants. In doing so, it never even reached the question of the Carmack Amendment's venue provisions. *See also United Van Lines, LLC v. Marks,* 366 F. Supp.2d 468 (S. D. Tex. 2005) (addressing personal jurisdiction before venue under the Carmack Amendment). Outside of the Carmack Amendment context, courts routinely address questions of personal jurisdiction before venue: "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy*

---

[1] "Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process.' " *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir.2002) (citation omitted).

3

*v. Great Western United Corp.,* 443 U.S. 173, 180 (1979). Thus, regardless of what the statute's venue provisions allow, the question of personal jurisdiction is still primary.[2] Here, Plaintiff has not even attempted to argue that the Defendant meets any of the requirements of Wisconsin's long-arm statute; nor does it argue that Due Process would allow the Defendant to be brought into court in this state.[3] The Defendant has no significant business contacts in Wisconsin; it states that it has no offices or employees here, nor does it have any routes in this state. (Breyer Aff., ¶ 3.) The Defendant did not even have any contractual relationship with the Plaintiff. Accordingly, there is no basis under Wisconsin's long-arm statute or Due Process to conclude that this court would have personal jurisdiction over the Defendant, and that suffices as grounds for granting the Defendant's motion.

I further note that the premise underlying Winona Foods' argument – that the Carmack Amendment's venue clauses trump considerations of personal jurisdiction – is based on an overly broad reading of those clauses. To repeat, section 14706(d)(1) provides:

> A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.

49 U.S.C. § 14706(d)(1).

Winona Foods reads this section as allowing an action to be brought in *any* district court (in particular, a district court in which a Carmack *plaintiff* operates); in other words, it believes that the

---

[2]The distinction between personal jurisdiction and venue is often glossed over, likely because under either of the Carmack Amendment's venue provisions a court would in fact have personal jurisdiction over any defendant in those circumstances. As discussed below, the Plaintiff's argument likely arises out of a misreading of the venue statutes.

[3]Wisconsin's long-arm statute is found at Wis. Stat. § 801.05.

4

last clause, "through which the defendant carrier operates," does not apply to cases brought in federal district courts. For this reading Plaintiff relies on *Seko Air Freight, Inc. v. Direct Transit, Inc.,* 859 F. Supp. 306 (N. D. Ill. 1994), which arguably supports its argument. That case is distinguishable for a number of reasons, however. Most obviously, in that case the defendant never raised an objection to personal jurisdiction – its motion was solely based on the Carmack Amendment's venue clauses. The case thus does not help Winona Foods because it is merely a discussion of appropriate venue *assuming the court had personal jurisdiction* over the defendant. Justification for that assumption is notably absent here. Second, that case involved a defendant's erroneous assertion that venue was *only* proper in a state where the loss might have occurred. The exact site of the loss was unknown, and the defendant proposed venue in a number of states through which it had shipped the product. The court correctly noted that the site of the loss was *not* the only proper venue, as a Plaintiff may also bring an action under 49 U.S.C. § 14706(d)(1). As such, the court was correct to reject the defendant's unusual argument that § (d)(2) was an exclusive venue provision.

Still, the magistrate judge in *Seko* went a step further and found that venue would in fact be proper in the district where the *plaintiff's* operations were. In doing so, the court construed § (d)(1) as allowing "suit against a delivering carrier in any district court of the United States." *Id.* at 308. It thus concluded that Illinois, which was the site of the Plaintiff's operations, was a suitable venue. The venue clause in § (d)(1) is not a model of clarity, but I reach a different conclusion and find that the phrase "through which the defendant operates" modifies *both* "State" and "judicial district." In other words, a rephrasing of the clause would read: "Trial, if the action is brought in a district court, is in a State through which the defendant carrier operates." The *Seko* court's broad reading

5

is unsatisfactory for a number of reasons, not least because such a provision would seemingly allow a plaintiff to sue a defendant in *any* district court (e.g., Alaska), and that would trample on the traditional notions of Due Process involved in personal jurisdiction.[4] Instead, I agree with the numerous other courts that limit venue under § (d)(2) to districts "through which the defendant carrier operates":

> The Carmack Amendment contains two venue provisions. First, in an action against a "delivering carrier," *venue is proper in a federal judicial district through which the defendant carrier operates*. Second, in an action against a "carrier responsible for loss," venue is proper in the judicial district in which the loss is alleged to have occurred. Id. § 14706(d)(2). The basic thrust of these provisions is that *the operations of the carrier or the locus of the injury, not the residence or place of business of the plaintiff, determines where a plaintiff may sue.*

*New Orleans Lakal Envelope Co., Inc. v. Chicago Express, Inc.,* 1999 WL 1277527, * 1 (E. D. La. 1999) (italics added); *Cargo-Master, Inc. v. Coast Midwest Transport, Inc.,* 1998 WL 485685, *1 (N.D. Tex. 1998) ("in an action against a 'delivering carrier,' venue is proper in a federal judicial district through which the defendant carrier operates."). In fact, as one court has noted, "the statute's language places emphasis on the location of the operations of the *carrier* or the location of the damage to the goods, not the principal place of business of the plaintiff." *Donaldson Technology Group LLC. v. Landstar Ranger, Inc.,* 347 F. Supp.2d 525, 527 (S.D. Ohio 2004) (italics added). In sum, the venue provisions of the statute are similar to other more typical venue considerations that take into account the operations of the *defendant* (echoing personal jurisdiction concerns) rather

---

[4]The issue was not framed as squarely in *Seko*. The defendant there was an Indiana company and it did not object to personal jurisdiction. Thus, the State of Illinois could very well have qualified as a district "through which the defendant carrier operates." Thus, it is possible that the *Seko* court did not intend to say that a plaintiff could bring suit in "any" district court.

6

than those of the plaintiff. *See, e.g.,* 28 U.S.C. § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.") Accordingly, I do not find *Seko Air Freight* to be persuasive authority either for interpreting the Carmack Amendment's venue provisions or for avoiding traditional personal jurisdiction concerns.

In sum, the Plaintiff has offered no basis to overlook the fact that this court lacks personal jurisdiction over the Defendant. Moreover, even if the Carmack Amendment's venue provisions somehow trumped the personal jurisdiction analysis, this district would not be a proper venue for the action because Wisconsin is neither the site of the loss nor a state "through which the defendant carrier operates." 49 U.S.C. § 14706(d)(1).

That leaves the question of the proper remedy. Defendant has sought dismissal or transfer, and it seems transfer of the case to the Northern District of Illinois would be the most appropriate form of relief.[5] Transfer obviates the need for a new round of pleadings (this case is already more than seven months old), and venue under the Carmack Amendment would be proper in Illinois as a state through which the defendant carrier operates. 49 U.S.C. § 14706(d)(1). Illinois is also much more convenient for both parties than California, a potential site of the loss itself. 49 U.S.C. § 14706(d)(2). Accordingly, the Defendant's motion to dismiss is **DENIED**, but its motion to

---

[5] "Because personal jurisdiction over the defendant is lacking, dismissal of the complaint would be appropriate. In lieu of dismissal, however, the Court may transfer the case to a district where the case could have been brought. *See* 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir.1986) (the court may transfer case under § 1406(a) even if personal jurisdiction does not exist in the transferor forum)." *Systematic Management Systems, Inc. v. Royal Care, Inc.,* 2003 WL 1989645, *3 (N.D. Ill. 2003).

7

transfer the case is **GRANTED**, and the court orders the case **TRANSFERRED** to the Northern District of Illinois for further proceedings.

  **SO ORDERED** this __26th__ day of June, 2008.

                  _s/ William C. Griesbach_
                  William C. Griesbach
                  United States District Judge